**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MARY J. IRIZARRY**,

                  **Plaintiff,**                  **5:09-cv-1370
                                                            (GLS/DRH)**

                  **v.**

**MICHAEL ASTRUE**, Commissioner of
Social Security,

                  **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Olinksy Law Group | JAYA A. SHURTLIFF, ESQ. |
| 300 S. State Street | KAREN S. SOUTHWICK, ESQ. |
| 5th Floor, Suite 520 | |
| Syracuse, NY 13202 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | SHEENA V. WILLIAMS-BARR |
| United States Attorney | Special Assistant U.S. Attorney |
| 100 South Clinton Street | |
| Syracuse, NY 13261 | |
| | |
| Mary Ann Sloan | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Mary J. Irizarry challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) and seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3). (*See* Compl., Dkt. No. 1.) Upon reviewing the administrative record and carefully considering the arguments, the court affirms the Commissioner's decision.

## II. Background

On October 11, 2006, Irizarry filed applications for DIB and SSI under the Social Security Act (the Act), alleging disability since March 1, 2006. (Tr.[1] at 120-25.) After her application was denied, Irizarry requested a hearing before an Administrative Law Judge (ALJ), which was held on January 15, 2009. (*Id.* at 20-54.) On July 21, 2009, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final decision upon the Social Security Administration Appeals Council's denial of review. (*Id.* at 1-4, 7-19.)

Irizarry commenced the present action by filing a complaint on

---

[1] "(Tr. )" refers to the page of the Administrative Transcript in this case. (*See* Dkt. No. 9.)

2

December 8, 2009, seeking review of the Commissioner's determination. (Compl., Dkt. No. 1.) The Commissioner filed an answer and a certified copy of the administrative transcript. (Dkt. Nos. 7, 9.) Each party, seeking judgment on the pleadings, filed a brief. (Dkt. Nos. 11, 15.)

### III. Contentions

Irizarry contends that the Commissioner's decision is not supported by substantial evidence or the appropriate legal standards. Specifically, Irizarry claims the ALJ: (1) erred at step 2 when he found her depression was non-severe; (2) failed to apply the appropriate legal standards in evaluating her Residual Function Capacity ("RFC"); (3) did not apply the appropriate legal standards in evaluating her credibility; and (4) erred when he found that she was capable of her past work as a housekeeper. (*See* Dkt. No. 11 at 5, 16-28.) The Commissioner counters that substantial evidence supports the ALJ's decision. (*See generally* Dkt. No. 15.)

### IV. Facts

The evidence in this case is undisputed and the court adopts the parties' factual recitations. (*See* Dkt. No. 11 at 6-14; Dkt. No. 15 at 1-2.)

### V. Standard of Review

The standard for reviewing the Commissioner's final decision under

3

42 U.S.C. § 405(g) is well established and will not be repeated here. For a full discussion of the standard and the five-step process used by the Commissioner in evaluating whether a claimant is disabled under the Act, the court refers the parties to its previous opinion in *Christiana v. Comm'r Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI.  Discussion

### A.  ALJ's Step Two Finding

Irizarry claims the ALJ erred when he found her "depression resulted in 'minimal, if any limitation' in her ability to perform work-related activities." (Dkt. No. 11 at 16-17.)  The court disagrees.

Where additional information is not readily available from the claimant's physicians or other medical sources, an ALJ is permitted to ask the claimant "to attend one or more consultative examinations." 20 C.F.R. § 404.1512(f).  But, when the evidence remains incomplete, the ALJ "will make a determination or decision based on the evidence" before him. 20 C.F.R § 404.1527(c)(4).  It follows that, if a claimant, without good cause,[2]

---

[2] Notably, Irizarry does not contend that she had "good cause" for her failure to attend the examinations.  *See* 20 C.F.R. § 404.1518.

4

fails or refuses to attend and participate in a consultative examination, the ALJ may render a finding of not disabled.  *See id.* § 404.1518(a); *see also Cornell v. Astrue*, 764 F. Supp. 2d 381, 392 n.8 (N.D.N.Y. 2010) ("The Regulations permit an ALJ to deny benefits on the basis of a claimant's failure or refusal to take part in an consultative examination or test arranged by the Social Security Administration, in the absence of good cause to excuse the failure.") (citing 20 C.F.R. §§ 404.1518, 416.918)).

Here, it is undisputed that Irizarry—despite being warned of the consequences of doing so—failed to attend the consultative examinations scheduled for February and March 2007.  (Tr. at 13-14,163, 253-80.)  Her failure, while not dispositive, prevented "the disability determination service" from completing "assessments of [her] limitations and residual capacities."  (*Id.* at 14.)  In addition, the ALJ noted that Irizarry has not fully complied with her treatment insofar as she has either refused to take the prescribed medication "or stopped taking it altogether."  (*Id. at* 17, 378.)

Nevertheless, the ALJ considered, among other things, the April 2007 psychiatric assessment by Dr. Stanley Poreba, M.D., and Irizarry's testimony, in which she stated her depression only "sometimes" interferes with her ability to relate to people, but is controllable when she takes her

5

medication. (*Id.* at 14, 47-48.) Moreover, the treatment reports Irizarry relies on from Oswego Hospital Behavioral Services Division do not refute the ALJ's findings. (*Id.* at 378-84; Dkt. No. 11 at 17-19.) Instead, the doctors at Oswego Hospital consistently prescribed medication and additional counseling to treat Irizarry's depression. (Tr. at 378-84.) Because substantial evidence supports the ALJ's finding that Irizarry "displayed little in the way of any limitations due to a mental impairment," (*id.* at 14), the court rejects Irizarry's argument and affirms the ALJ's step-two determination.

## B.  RFC Determination

Irizarry next avers the ALJ erred "because he did not provide a function-by-function determination of limitations; substituted his lay opinion for the medical evidence; and included no non-exertional limitations."[3] (Dkt. No. 11 at 19-20.) The court rejects these arguments.

First, Irizarry claims the ALJ committed "legal error" when he "did not make a function-by-function determination of [her] exertional limitations." (*Id.* at 21.) In so arguing, Irizarry takes exception with the ALJ's failure to

---

[3] Irizarry's argument regarding the non-extertional limitations ignores the fact that she failed to attend the consultative examinations in February and March 2007. *See* Part VI(A) *supra*. Thus, for the reasons discussed above, the court remains unpersuaded.

6

explicate his assessment of "her ability to sit, stand, walk, lift, carry, push and pull." (*Id.*); *see Crysler v. Astrue*, 563 F. Supp. 2d 418, 436 (N.D.N.Y. 2008) (citing 20 C.F.R. §§ 404.1545(b), 404.1569a).

A claimant's RFC "is the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain. *Id.* § 404.1545(a)(3). An ALJ's RFC determination must be supported by substantial evidence[4] in the record. *See* 42 U.S.C. 405(g). If it is, that determination is conclusive and must be affirmed upon judicial review. *See id.; Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

Here, the ALJ's decision examined the relevant factors in reaching an RFC determination—specifically noting that Irizarry's testimony shows that she "is essentially independent in the performance of all activities in daily living, including cleaning and cooking"—and provides the definition of "light work." (Tr. at 18.) Additionally, the ALJ highlighted that Irizarry was able to

---

[4] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotations omitted).

swim, go grocery shopping, and clean her own house. (*See id.*) Although the ALJ could have provided further clarification with respect to Irizarry's exertional capabilities, this shortcoming does not amount to legal error since the ultimate determination is supported by substantial evidence. *See Crysler*, 563 F. Supp. 2d at 436.

Furthermore, Irizarry's second contention—which is essentially that the ALJ's decision contradicts the opinions of Drs. Cambareri and Sawyer—also lacks merit. (*See* Dkt. No. 11 at 21.) Normally the commissioner is required to give controlling weight to a treating physician's medical opinions if they are supported by acceptable diagnostic techniques and *are not inconsistent with other substantial evidence in the record*. *See, e.g., Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). However, the "ultimate finding of whether a claimant is disabled and cannot work . . . [is] reserved to the Commissioner." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (internal quotation marks and citation omitted). "That means that the Social Security Administration considers the data that physicians provide but draws its own conclusions as to whether those data indicate disability." *Id.* Thus, a treating physician's disability assessment is not determinative. *See id.*; *see also* 20 C.F.R. § 404.1527(e).

8

In the instant case, the ALJ found there was "no evidence from any source documenting significant symptoms related to the claimant's hip since November 8, 2007," and that Irizarry testified in January 2009 that her hip was better after her hip replacement surgery.  (Tr. at 18, 33-34.) Moreover, in rejecting the medical evidence relied on by Irizarry, the ALJ noted that "Dr. Cambareri declined to answer many questions on" the RFC questionnaire because they "were 'outside the scope of [his] practice.'"  (*Id.* at 18.)  The ALJ was similarly unpersuaded by Dr. Sawyer's Medical Source Statement as he opined it was "likely . . . largely influenced" by Irizarry's statements, which he found to be incredible.  (*Id.*)  As such, the inconsistencies Irizarry cites are immaterial because the ALJ's RFC determination was supported by substantial evidence.

## C.     Credibility Determination

Irizarry's third claim focuses on the ALJ's assessment of her credibility.  (*See* Dkt. No. 11 at 24-26.)  Specifically, she objects to the ALJ's determination that her "statements concerning the intensity, persistence and limiting effects of [her impairment] are not credible to the extent they are inconsistent with the [RFC] assessment."  (Tr. at 16.) Again, the court disagrees.

9

As noted, an ALJ must consider a claimant's subjective complaints of pain in gauging her RFC.  *See* 20 C.F.R. § 404.1545(a)(3).  However, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability."  42 U.S.C. § 423(d)(5)(A).  The Commissioner is obligated to evaluate all of a claimant's symptoms, "including pain, and the extent to which [those] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."  20 C.F.R. §§ 404.1529(a), 416.929(a).

Ultimately, "[t]he reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision."  SSR 96-7p, 1996 WL 374186, at *4 (July 2, 1996).  Thus, "after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility," an ALJ may reject the claimant's subjective allegations of pain as long as he sets forth his "reasons with sufficient specificity to enable [the court] to decide whether the determination is supported by substantial evidence."  *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (internal quotation marks and citation omitted).

Here, the ALJ considered both the medical evidence and Irizarry's testimony concerning her activities of daily living.  (Tr. at 16-18.)  Notably,

10

the ALJ highlighted the inconsistencies between Irizarry's testimony, in which she stated she "took walks, swam, cooked, dinner, washed dishes, cleaned her house, and shopped," and her application with the Division of Disability Determinations, where she stated "she was unable to walk, exercise, work, and swim." (*Id.* at 16; *compare* Tr. at 34-36, 38, *with* Tr. 145-46.)

Thus, on the basis of the record before it, the court discerns no error in the ALJ's determination that Irizarry's subjective statements were not entirely credible and did not alone establish disability, *see* 20 C.F.R. § 404.1529(a), and concludes the ALJ's RFC determination is supported by substantial evidence.

## D.     **Vocational Assessment**

Finally, Irizarry contends the ALJ erred when he determined she could perform her past relevant work as a housekeeper. (*See* Dkt. No. 11 at 26-28.) Because this argument is, in part, predicated on a perceived error in the ALJ's RFC analysis—which has already been affirmed—the court addresses only Irizarry's claim that the ALJ was required to consult a vocational expert. (*See id.* at 27.)

Relevantly, 20 C.F.R. § 404.1566(e) makes the use of a vocational

11

expert discretionary. Indeed, "the necessity for expert testimony must be determined on a case-by-case basis." *Bapp v. Bowen*, 802 F.2d 601, 605 (2d Cir. 1986). Here, the ALJ compared Irizarry's RFC with the physical and mental demands of a "cleaner housekeeper," as described by Irizarry in her testimony and the Dictionary of Occupational Titles. (Tr. at 19.) In so doing, the ALJ determined, and the court agrees, the use of a vocational expert was unnecessary. Though the ALJ's comparison at this step was brief, it was nevertheless supported by substantial evidence.[5]

## **E.   Remaining Findings and Conclusions**

After careful review of the record, the court affirms the remainder of the ALJ's decision as it is supported by substantial evidence.

## **VII.   Conclusion**

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Irizarry's complaint is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

---

[5] Indeed, Irizarry testified that she is able to clean "walls, the floors, the fridge, the, anything" in her home. (Tr. at 38.)

**IT IS SO ORDERED.**

January 23, 2012
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court